UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIVIAN MORELAND THOMAS and TODD MORELAND, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| CHESAPEAKE ENERGY CORP., ET. AL., | ) ) |
| Defendants. | ) ) |

Case No. 4:06CV1816SNL

# MEMORANDUM AND ORDER

Plaintiffs have filed this action alleging fraud in the procurement of certain oil and mineral leases in connection with real estate property in Texas that plaintiffs allege they own through inheritance. Plaintiffs allege that the defendants have procured these lease rights through a series of fraudulent land transactions intended to circumvent the plaintiffs' alleged ownership rights of the subject real estate and/or royalties associated with the subject oil and mineral leases. This matter is before the Court on defendant Chesapeake Energy Corp.'s (hereinafter referred to as simply Chesapeake) motion to dismiss, or in the alternative, to transfer venue (#18), filed February 26, 2007. Responsive pleadings have now all been filed and the matter is ripe for disposition.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson, 355 U.S. 41, 45-46(1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court must accept the allegations in the complaint as true and draw reasonable inferences in favor of the nonmoving party, dismissing the complaint only if "it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, *supra*, 355 U.S. at 45-46; *see also*, Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005). "Although the pleading standard is liberal, the plaintiff must allege facts -- not mere legal conclusions -- that, if true, would support the existence of the claimed torts. Moses.com, at 1062 *citing* Schaller Tel.Co. v. Golden Sky Sys., 298 F.3d. 736, 740 (8th Cir. 2002).

In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, this Court turns to an examination of the plaintiff's complaint.

In their complaint, plaintiffs allege that they inherited certain real property located in Nacgodoches County, Texas. They further allege that through a series of transactions, the defendants fraudulently conveyed the real property and all mineral and oil interests in said land to themselves. Plaintiffs contend that they are entitled to royalties in connection with oil and gas wells, and mineral leases pertaining to the subject Nacgodoches County real property.

Plaintiffs are residents of St. Louis, Missouri. All of the named defendants, including defendant Chesapeake, are residents of states other than Missouri. Plaintiffs' complaint does not aver that any of the alleged fraudulent transactions occurred in Missouri. Plaintiffs' complaint does not allege that any communications involving any of the defendants transpired to or from Missouri. Plaintiffs do not allege that any contracts were signed or negotiated by any of the defendants, including Chesapeake, in Missouri.

In the instant matter, Chesapeake asserts several grounds for dismissing the complaint against it, or in the alternative, to transfer venue to the United States District Court for the Southern District of Texas: 1) there is no basis for federal subject matter jurisdiction; 2) plaintiffs have failed to properly allege diversity jurisdiction; 3) Texas state courts have exclusive jurisdiction over disputes involving ownership rights of royalties interests in property located in Texas; 4) this Court lacks personal jurisdiction over Chesapeake; and 5) plaintiffs' fraud claim fails to meet the particularity requirements of Rule 9(b) of the Federal Rules of Civil Procedure. After careful consideration of the matter, the Court finds that plaintiffs' complaint, as directed to defendant Chesapeake, should be

dismissed for lack of federal subject matter jurisdiction, lack of diversity jurisdiction, and/or lack of personal jurisdiction.[1]

Plaintiffs' complaint alleges that their cause of action arises from the Federal Onshore Oil and Gas Leasing Reform Act of 1987 (FOOGLRA), 30 U.S.C. §181 *et. seq*. As the basis for their complaint, they cite §195 of the FOOGLRA, the enforcement provision of the Act. Under FOOGLRA, no private cause of action exists; only the Attorney General of the United States and/or a State may institute a civil cause of action against any person conducting activity which violates Section 195 of the Act. *See*, 30 U.S.C. §195(c); 30 U.S.C. §195(f)(1-4).[2] Plaintiffs argue erroneously that they have "subject matter jurisdiction pursuant to 28 U.S.C. §1447 because Plaintiffs have alleged that they are the victims of fraud related to a purported oil and mineral rights agreement and Defendant Chesapeake's breach thereof." Plaintiffs' Response (#34), pg. 5. 28 U.S. C. 1447 does not confer subject matter jurisdiction; it simply provides for procedures relevant to a case after removal. This case was not originally filed in state court; i.e., it was not removed to federal court. 28 U.S.C. §1447 is completely irrelevant to this cause of action. The Court finds that plaintiffs' complaint lacks any basis in federal subject matter jurisdiction.

Furthermore, plaintiffs have failed to properly allege diversity jurisdiction. In a case based upon federal court diversity jurisdiction involving a corporate defendant, allegations of the corporate defendant's state of incorporation and principal place of business must be made in the complaint. 28 U.S.C. §§1332(a); 1332(c)(1). This is necessary because a corporation is a citizen of both its state of incorporation and the state in which its principal place of business is located. *See*, Capitol Indem. Corp. v. Russelville Steel Co., 367 F.3d. 831, 834 (8th Cir. 2004). Finally, the amount in controversy must be stated and must be in excess of $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a).

Plaintiffs have simply stated addresses in their complaint. Even giving them some latitude for filing their complaint *pro se*, they are now represented by counsel who has had ample time to file an

---

[1]Given these grounds for dismissal, the Court finds no reason to address the issues of Texas' exclusive jurisdiction or failure to meet the particularity requirements of Rule 9(b).

[2]Furthermore, as correctly noted by Chesapeake, the Act only applies to federal land, not privately owned land.

3

amended complaint correcting any substantive errors. As of today's date, no amended complaint has been filed. Instead, plaintiffs simply argue in their response that the parties reside in different states and that transferring this case to Texas would be a financial hardship on the plaintiffs. Firstly, allegations in a responsive pleading are not evidence of diversity nor the proper means to amend a complaint. Secondly, whether or not moving this case to Texas would be a financial hardship on the plaintiffs is not a factor to consider when determining whether or not plaintiffs' have properly asserted diversity jurisdiction. *See,* Troutt v. Peoples National Bank, et. al., - F.Supp.2d. - , 2005 WL 1668258, #3 n. 1 (E.D.Mo. July 13, 2005). Plaintiffs have failed to properly assert diversity jurisdiction in their complaint.

Finally, *assuming arguendo*, that plaintiffs had properly asserted diversity jurisdiction, this Court would still have to dismiss this complaint because it lacks personal jurisdiction over Chesapeake.

When personal jurisdiction is challenged, the plaintiff bears the burden to show that jurisdiction exists. Dever v. Hentzen Coatings, 380 F.3d. 1070, 1072-73 (8th Cir. 2004); Epps v. Stewart Information Services Corp., 327 F.3d. 642, 647 (8th Cir. 2003); Burlington Industries v. Maples Industries, 97 F.3d. 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d. 573, 575 (8th Cir. 1992); Enterprise Rent-A-Car Co. v. Stowell, 137 F.Supp.2d. 1151, 1154 (E.D.Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. Dever, at 1072-73; Epps, at 647; Clune, et. al. v. Alimak AB, et. al., 233 F.3d. 538, 541 (8th Cir. 2000); Falkirk Mining Co. v. Japan Steel Works, 906 F.2d. 369, 373 (8th Cir. 1990); Enterprise Rent-A-Car, *supra.*, *citing* Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d. 519, 522 (8th Cir. 1996); *see also*, Conway v. Royalite Plastics, 12 S.W.3d. 314, 318 (Mo. 2000); Products Plus v. Clean Green, 112 S.W.3d. 120, 122 (Mo.App. 2003); Johnson Heater Corp. v. Deppe, 86 S.W.3d. 114, 119 (Mo.App. 2002)[3]. A plaintiff's *prima facie* showing must be tested "not by pleadings alone, but by

---

[3]In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause. Romak USA v. Rich, 384 F.3d. 979, 984 (8th Cir. 2004) *citing* Dever, at 1073. Therefore, Missouri law, as well as federal law applying Missouri law, is relevant to the issue of

affidavits and exhibits presented with the motions and in opposition thereto." Dever, at 1072 (citations omitted); *see*, Stevens v. Redwing, 146 F.3d. 538, 543 (8th Cir. 1998)(when considering whether personal jurisdiction exists under Missouri long-arm statute, court may inquire by affidavits or otherwise into the facts as they exist). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. Epps, at 647.

There are two prerequisites to a finding of personal jurisdiction over a non-resident defendant: firstly, the forum state's long-arm statute must be satisfied; and secondly, the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment. Stanton v. St. Jude Medical, 340 F.3d. 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare International, 250 F.3d. 587, 591 (8th Cir. 2001); Clune, at 541; Stevens v. Redwing, at 543; Burlington Industries, at 1102. Since Missouri courts have found that its long-arm statute extends jurisdiction over non-resident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment, this Court need only determine whether plaintiff's assertion of personal jurisdiction has satisfied due process. *See*, Romak USA, at 984; Porter v. Berall, 293 F.3d. 1073, 1075 (8th Cir. 2002); Clune, at 541 *citing* State v. Wiesman, 627 S.W.2d. 874, 876 (Mo.1982) and State v. Pinnell, 454 S.W.2d. 889, 892 (Mo.1970); Enterprise Rent-A-Car, at 1155 (citations omitted); *see*, Oriental Trading Co. v. Firetti, 236 F.3d. 938, 943 (8th Cir. 2001)(when a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted under the Constitution, the two-step inquiry collapses into a single question of whether the exercise of personal jurisdiction comports with due process).

Due process requires that a plaintiff show that a non-resident defendant have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice". World-Wide Volkswagon v. Woodson, 444 U.S. 286, 291-92 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); *see*, Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 109-12 (1987);

---

personal jurisdiction in this case.

5

Stanton v. St. Jude Medical, 340 F.3d. at 693; Epps, at 647-48; Clune, at 541-42 *citing* International Shoe; Burlington Industries, at 1102 *citing* World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980)); Guiness Import Co. v. Mark VII Distributors, et. al., 153 F.3d. 607, 614 (8th Cir. 1998); Enterprise Rent-A-Car, at 1155 *citing* International Shoe. Minimum contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide Volkswagon, 444 U.S. at 297; Stanton, at 694; Epps, at 648. Minimum contacts can cover a plethora of activities; however, "[t]he baseline for minimum contacts is `some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Clune, at 542 *quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); *see*, Romak USA, at 984; Dever, at 1073; Stanton, at 693; Epps, at 648-49; Guiness Imports, at 614.

The "`purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of `random', `fortuitous', or `attenuated' contacts or of the `unilateral activity of another party or a third person'". Stanton, at 693-94 *quoting* Burger King, 471 U.S. at 475 (citations omitted); *see also*, Epps, at 648; Guiness Imports, at 614. "`Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a `substantial connection' with the forum state.'" Stanton, at 694 *quoting* Burger King, 471 U.S. at 475. That is, in a case such as this involving specific jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other words, the cause of action must `arise out of' or `relate to' a defendant's activities within a state." Romak USA, at 984 (internal citations omitted).

Based upon the due process standard espoused by World-Wide Volkswagon and International Shoe, *supra.*, and their progeny, the Eighth Circuit Court of Appeals has established a five-factor test to determine the sufficiency of the non-resident defendant's contacts with the forum state. These five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, at 984; Dever, at 1073-74; Stanton, at 694; Epps, at 648; Guiness Imports, at 614; Burlington Industries, at 1102; *see also*,

Products Plus, at 124. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, at 984; Dever, at 1074; Stanton, at 694; Guiness Imports, at 614.

The plaintiffs only allegation regarding this Court's personal jurisdiction over Chesapeake is that "[a]lthough Defendant's contact with the State of Missouri has been minimal, its contact with Plaintiffs was the essential element to the commencing of the business relationship between the parties." Plaintiffs' Response (#34), pg.2. Plaintiffs fail to describe this "minimal contact"; fail to describe the "business relationship" between the parties; and most importantly, fail to describe how any particularized/identified contact is relevant to this cause of action. There simply is nothing in their complaint or response which sets forth any contact between the plaintiffs and this defendant which implicates the issues raised in this lawsuit. The Court finds that this Court lacks personal jurisdiction over defendant Chesapeake.

Having found that the Court lacks subject matter jurisdiction, diversity jurisdiction; and/or personal jurisdiction over defendant Chesapeake, the Court will grant the instant motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that defendant Chesapeake's motion to dismiss (#18) be and is **GRANTED**. This cause of action is hereby **DISMISSED as to defendant Chesapeake** with no further action to be taken.

**IT IS FINALLY ORDERED** that defendant Chesapeake's motion to transfer venue (#18) be and is **DENIED AS MOOT**.

Dated this __6th__ day of June, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE