UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| VIVIAN MORELAND THOMAS and TODD MORELAND, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:06CV1816SNL |
| CHESAPEAKE ENERGY CORP., ET. AL., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiffs have filed this action alleging fraud in the procurement of certain oil and mineral leases in connection with real estate property located in Texas that plaintiffs allege they own through inheritance. Plaintiffs allege that the defendants have procured these lease rights through a series of fraudulent land transactions intended to circumvent the plaintiffs' alleged ownership rights of the subject real estate and/or royalties associated with the subject oil and mineral leases. This matter is before the Court on defendants Ernest and Gloria Coulter's motion to dismiss, or in the alternative, to transfer venue (#33), filed March 22, 2007. Responsive pleadings have now all been filed and the matter is ripe for disposition.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. Scheuer v. Rhodes, 416 U.S. 232 (1974); Conley v. Gibson, 355 U.S. 41, 45-46(1957); Toombs v. Bell, 798 F.2d 297, 298 (8th Cir. 1986). The court must accept the allegations in the complaint as true and draw reasonable inferences in favor of the nonmoving party, dismissing the complaint only if "it appears beyond a reasonable doubt that plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, *supra*, 355 U.S. at 45-46; *see also*, Moses.com Securities v. Comprehensive Software Systems, Inc., 406 F.3d. 1052, 1062 (8th Cir. 2005). "Although the pleading standard is liberal, the plaintiff must allege facts -- not mere legal conclusions -- that, if true, would support the existence of the claimed torts. Moses.com, at 1062 *citing* Schaller Tel.Co. v. Golden Sky Sys., 298 F.3d. 736, 740 (8th Cir. 2002).

In viewing the complaint in the light most favorable to the plaintiff, the court should not dismiss it merely because the court doubts that the plaintiff will be able to prove all of the necessary allegations. Bennett v. Berg, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir. 1982). With this standard in mind, this Court turns to an examination of the plaintiffs' complaint.

In their complaint, plaintiffs allege that they inherited certain real property located in Nacgodoches County, Texas. They further allege that through a series of transactions, the defendants fraudulently conveyed the real property and all mineral and oil interests in said land to themselves. Plaintiffs contend that they are entitled to royalties in connection with oil and gas wells, and mineral leases pertaining to the subject Nacgodoches County real property.

Plaintiffs are residents of St. Louis, Missouri. All of the named defendants are residents of states other than Missouri. Plaintiffs' complaint does not aver that any of the alleged fraudulent transactions occurred in Missouri. Plaintiffs' complaint does not aver that any communications involving any of the defendants transpired to or from Missouri. Plaintiffs do not allege that any contracts were signed or negotiated by any of the defendants in Missouri.

In the instant matter, the Coulters attest that they are elderly retired individuals who have lived in Texas for most of their lives. They further attest that they have never owned land in Missouri, have never done any business in Missouri, have no relatives, friends or personal contacts in Missouri, and have never had any professional relationship with anyone in Missouri. The only contact the Coulters have had with Missouri has been the filing of this lawsuit against them.

When personal jurisdiction is challenged, the plaintiff bears the burden to show that jurisdiction exists. Dever v. Hentzen Coatings, 380 F.3d. 1070, 1072-73 (8th Cir. 2004); Epps v. Stewart Information Services Corp., 327 F.3d. 642, 647 (8th Cir. 2003); Burlington Industries v. Maples Industries, 97 F.3d. 1100, 1102 (8th Cir. 1996); Gould v. P.T. Krakatau Steel, 957 F.2d. 573, 575 (8th Cir. 1992); Enterprise Rent-A-Car Co. v. Stowell, 137 F.Supp.2d. 1151, 1154 (E.D.Mo. 2001). To successfully survive a motion to dismiss challenging personal jurisdiction, a plaintiff must make a *prima facie* showing of personal jurisdiction over the challenging defendant. Dever, at 1072-

73; Epps, at 647; Clune, et. al. v. Alimak AB, et. al., 233 F.3d. 538, 541 (8th Cir. 2000); Falkirk Mining Co. v. Japan Steel Works, 906 F.2d. 369, 373 (8th Cir. 1990); Enterprise Rent-A-Car, *supra.*, *citing* Digi-Tel Holdings, Inc. v. Proteq Telecommunications, Ltd., 89 F.3d. 519, 522 (8th Cir. 1996); *see also*, Conway v. Royalite Plastics, 12 S.W.3d. 314, 318 (Mo. 2000); Products Plus v. Clean Green, 112 S.W.3d. 120, 122 (Mo.App. 2003); Johnson Heater Corp. v. Deppe, 86 S.W.3d. 114, 119 (Mo.App. 2002)[1]. A plaintiff's *prima facie* showing must be tested "not by pleadings alone, but by affidavits and exhibits presented with the motions and in opposition thereto." Dever, at 1072 (citations omitted); *see*, Stevens v. Redwing, 146 F.3d. 538, 543 (8th Cir. 1998)(when considering whether personal jurisdiction exists under Missouri long-arm statute, court may inquire by affidavits or otherwise into the facts as they exist). Although a court must view evidence in a light most favorable to the plaintiff and resolve factual conflicts in the plaintiff's favor; the party seeking to establish the court's personal jurisdiction carries the burden of proof, and the burden does not shift to the party challenging jurisdiction. Epps, at 647.

There are two prerequisites to a finding of personal jurisdiction over a non-resident defendant: firstly, the forum state's long-arm statute must be satisfied; and secondly, the exercise of jurisdiction does not violate the due process clause of the Fourteenth Amendment. Stanton v. St. Jude Medical, 340 F.3d. 690, 693 (8th Cir. 2003); St. Jude Medical, Inc. v. Lifecare International, 250 F.3d. 587, 591 (8th Cir. 2001); Clune, at 541; Stevens v. Redwing, at 543; Burlington Industries, at 1102. Since Missouri courts have found that its long-arm statute extends jurisdiction over non-resident defendants to the extent permissible under the Due Process Clause of the Fourteenth Amendment, this Court need only determine whether plaintiff's assertion of personal jurisdiction has satisfied due process. *See*, Romak USA, at 984; Porter v. Berall, 293 F.3d. 1073, 1075 (8th Cir. 2002); Clune, at 541 *citing* State v. Wiesman, 627 S.W.2d. 874, 876 (Mo.1982) and State v. Pinnell, 454 S.W.2d. 889, 892 (Mo.1970); Enterprise Rent-A-Car, at 1155 (citations omitted); *see*, Oriental Trading Co. v.

---

[1] In a diversity action, a federal court may exercise personal jurisdiction over a non-resident defendant only to the extent permitted by the forum state's long-arm statute and the Due Process Clause. Romak USA v. Rich, 384 F.3d. 979, 984 (8th Cir. 2004) *citing* Dever, at 1073. Therefore, Missouri law, as well as federal law applying Missouri law, is relevant to the issue of personal jurisdiction in this case.

Firetti, 236 F.3d. 938, 943 (8th Cir. 2001)(when a state construes its long-arm statute to grant jurisdiction to the fullest extent permitted under the Constitution, the two-step inquiry collapses into a single question of whether the exercise of personal jurisdiction comports with due process).

Due process requires that a plaintiff show that a non-resident defendant have "minimum contacts" with the forum state and that the maintenance of the lawsuit does not offend "traditional notions of fair play and substantial justice". World-Wide Volkswagon v. Woodson, 444 U.S. 286, 291-92 (1980); International Shoe Co. v. Washington, 326 U.S. 310, 316 (1945); *see*, Asahi Metal Industry Co. Ltd. v. Superior Court of California, Solano County, 480 U.S. 102, 109-12 (1987); Stanton v. St. Jude Medical, 340 F.3d. at 693; Epps, at 647-48; Clune, at 541-42 *citing* International Shoe; Burlington Industries, at 1102 *citing* World-Wide Volkswagen v. Woodson, 444 U.S. 286, 291-92 (1980)); Guiness Import Co. v. Mark VII Distributors, et. al., 153 F.3d. 607, 614 (8th Cir. 1998); Enterprise Rent-A-Car, at 1155 *citing* International Shoe. Minimum contacts with the forum state must be sufficient so that a non-resident defendant should reasonably anticipate being haled into court there. World-Wide Volkswagon, 444 U.S. at 297; Stanton, at 694; Epps, at 648. Minimum contacts can cover a plethora of activities; however, "[t]he baseline for minimum contacts is `some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.'" Clune, at 542 *quoting* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 475 (1985); *see*, Romak USA, at 984; Dever, at 1073; Stanton, at 693; Epps, at 648-49; Guiness Imports, at 614.

The "'purposeful availment' requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of `random', `fortuitous', or `attenuated' contacts or of the `unilateral activity of another party or a third person'". Stanton, at 693-94 *quoting* Burger King, 471 U.S. at 475 (citations omitted); *see also*, Epps, at 648; Guiness Imports, at 614. "`Jurisdiction is proper, however, where the contacts proximately result from actions by the defendant *himself* that create a `substantial connection' with the forum state.'" Stanton, at 694 *quoting* Burger King, 471 U.S. at 475. That is, in a case such as this involving specific jurisdiction, "jurisdiction is viable only if the injury giving rise to the lawsuit occurred within or had some connection to the forum state. In other

4

words, the cause of action must `arise out of' or `relate to' a defendant's activities within a state." Romak USA, at 984 (internal citations omitted).

Based upon the due process standard espoused by World-Wide Volkswagon and International Shoe, *supra.*, and their progeny, the Eighth Circuit Court of Appeals has established a five-factor test to determine the sufficiency of the non-resident defendant's contacts with the forum state. These five factors are: 1) the nature and quality of contacts with the forum state; 2) the quantity of contacts; 3) the relation of the cause of action to the contacts; 4) the interest of the forum state in providing a forum for its residents; and 5) convenience of the parties. Romak USA, at 984; Dever, at 1073-74; Stanton, at 694; Epps, at 648; Guiness Imports, at 614; Burlington Industries, at 1102; *see also*, Products Plus, at 124. The first three factors are of "primary importance", while the last two factors are of "secondary importance" and as such are not determinative of personal jurisdiction. Romak USA, at 984; Dever, at 1074; Stanton, at 694; Guiness Imports, at 614.

In the present case, the only connection to Missouri is that the plaintiffs and their counsel reside in Missouri. This alone fails to meet either Missouri's Long Arm Statute or the due process clause of the Fourteenth Amendment.[2] Plaintiffs have failed to offer any evidence which meets their *prima facie* burden of establishing this Court's personal jurisdiction over the Coulter defendants. Furthermore, since this Court lacks jurisdiction over this matter, the issue of transfer of venue is moot.

Accordingly,

**IT IS HEREBY ORDERED** that the Coulter defendants motion to dismiss for lack of personal jurisdiction (#33) be and is **GRANTED.** Since the Coulter defendants were the last remaining defendants in this cause of action, this cause of action is **DISMISSED IN ITS ENTIRETY** with no further action to be taken.

---

[2]According to their response, plaintiffs also seem to believe that these defendants have made an argument challenging federal subject matter jurisdiction. The only challenge regards Texas, rather than Missouri, being the proper situs for any action involving real property located in Texas. Nonetheless, plaintiffs have failed to establish subject matter jurisdiction; i.e. federal question jurisdiction, because the federal statute cited as grounds for this lawsuit, Federal Onshore Oil and Gas Leasing Reform Act of 1987, 30 U.S.C. §181 *et. seq.*, does not provide for a private cause of action. *See*, Court Order re Defendant Chesapeake's Motion to Dismiss, filed June 5, 2007.

**IT IS FINALLY ORDERED** that Coulter defendants' motion to transfer venue (#33) be and is **DENIED AS MOOT.**

Dated this ___6th___ day of June, 2007.

_____
SENIOR UNITED STATES DISTRICT JUDGE